UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SCOTT R. DETLOFF, | ) | CASE NO. 5:06 CV 194 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHERYL L. DETLOFF, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On January 27, 2006, plaintiff pro se Scott R. Detloff filed this diversity action against his former spouse, Cheryl L. Detloff. In the complaint, plaintiff alleges that Ms. Detloff violated their separation agreement by failing to turn over property allotted to him in the division of assets. He seeks $ 82,500 in damages.

*Background*

Mr. Detloff states that he was arrested on July 26, 2002, and later convicted on charges of bank fraud and mail fraud. He is currently incarcerated at the Sandstone Federal Correctional Institution ("FCI-Sandstone") in Minnesota. He indicates that "all illegal proceeds went to purchase amateur radio equipment." (Compl. at 1.) After his arrest, Ms. Detloff terminated verbal communications with her husband. The parties signed a separation agreement on October 10, 2002 which was incorporated into the divorce decree entered by the Stark County Ohio

Domestic Relations Court on December 30, 2002.

Mr. Detloff now contends that his former spouse failed to turn over the amateur radio equipment as she was required to do by the separation agreement. Although the separation agreement did not specifically state which of the parties would get the radio equipment, it does provide that each party would retain all property and assets currently owned by each of them and all of their personal items and effects not otherwise allocated by the agreement. He claims that the amateur radio equipment was purchased with the proceeds from his crimes, not marital funds, and therefore was a non-marital asset which was his separate property. In further support of his contention, he notes that he had a Federal Communications Commission radio license while his former spouse did not. Ms. Detloff allegedly sold most of the radio equipment.

Mr. Detloff also alleges that his former spouse failed to list the radio equipment on her pre-trial asset sheet to avoid any possible ownership disagreement. He states he noticed the discrepancy on the document prior to the divorce but was not represented by counsel and did not know how to object to its content. He contends that Ms. Detloff deliberately concealed this asset to defraud him and the court. He raises state law claims for breach of contract, concealment and conversion.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Federal courts have no jurisdiction over actions which in essence are domestic relations disputes. McLaughlin, 193 F.3d at 412; Firestone v. Cleveland Trust, 654 F.2d 1212, 1215 (6th Cir. 1981). Even when brought under the guise of a federal question or state tort law action, a suit whose substance is domestic relations generally will not be entertained in a federal court. Firestone, 654 F.2d at 1215. These cases involve local problems which are "peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts." Id. For this reason, it is incumbent upon the district court to examine the claims of the complaint and to determine the true character of the dispute to be adjudicated. Id. Although plaintiff characterizes this as a state tort law and breach of contract action, it is clear from the complaint and the relief requested that Mr. Detloff is asking this court to review and interpret his separation agreement, and determine that the radio equipment was in fact his personal property. This court lacks jurisdiction, even where diversity of citizenship exists, to decide domestic relations cases and to grant requested relief.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: April 28, 2006                                   *s/     James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT COURT

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.